*C. W. Clifford & F. C. S. Bartlett*, for the plaintiff.

*J. C. Dodge*, for the defendant.

---

ISAAC W. LITTLE *vs.* HENRY B. LITTLE, administrator.

Essex. Nov. 6, 1879. — Sept. 16, 1881. FIELD, DEVENS & ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 39, and the St. of 1873, *c.* 315, the stock of a national bank, belonging to an inhabitant of a school district in a town other than that in which the bank is situated, cannot be taxed for the purpose of defraying the expense of building a school-house in the district.

ENDICOTT, J. The only question in this case is, whether the stock of a national bank belonging to the inhabitant of a school district in another town can be lawfully taxed for the purpose of defraying the expense of building a school-house in the district. This involves the consideration of the Gen. Sts. *c.* 39, relating to school districts, and of the St. of 1873, *c.* 315, relating to the taxation of shares of stock in national banks.

A school district is a body corporate, upon which certain limited powers are conferred. Gen. Sts. *c.* 39. The legal voters within its limits may at a lawful meeting raise money for erecting and repairing school-houses, and for purchasing or hiring buildings or land to be used for school-houses, and for purchasing libraries, school apparatus, fuel, furniture, and other articles necessary for the use of schools. And provisions are made in regard to the exercise of these powers, which it is not necessary to recite. The clerk of the district, who is required to keep a record of

all votes passed at such meetings, shall certify the votes of the district for raising money by a tax for these purposes to the asesssors of the town, who shall within thirty days assess the tax upon the estate, both real and personal, of the inhabitants of the district, in the same manner as town taxes are assessed; and the tax shall be collected upon the warrant of the assessors by one of the collectors of the town, and paid over to the treasurer, who shall pay it over to the district committee. §§ 25–27, 35–37. In assessing such tax, "every inhabitant of the district shall be taxed in the district in which he lives for all his personal estate," and provision is also made for taxing all his real estate which he holds in the town under his own actual improvement; but all other of his real estate in the same town shall be taxed in the district where it lies. § 22.

The tax is, in the words of the statute, to be assessed "in the same manner as town taxes are assessed;" that is, upon the valuation of the estates of the inhabitants of the district, subject to taxation for state, county and town taxes. To establish this valuation it is provided, in the Gen. Sts. c. 11, §§ 27, 28, 39, 40, that the assessors of each town shall every year make an estimate or valuation of all the real and personal estate subject to taxation in the town for state, county and town taxes; and also make out a list of all the personal estate, and all the real estate of every inhabitant, and estimate its value; and this estimate shall be entered and appear in the valuation of the town, and is conclusive upon all persons who have not seasonably brought in a list of their estates. No provision is made by the statutes for a separate valuation of the property of the inhabitants of the district for purposes of assessment; and there is no provision from which it can be inferred that any property not properly included in the town valuation can be taxed. The assessors have no authority to add to or take from this valuation. It follows, therefore, that a school-district tax can only be assessed upon the personal property which is lawfully included in the valuation of the town as belonging to its inhabitants.

Nor can any peculiar force be given to the provision in the Gen. Sts. c. 39, § 22, alluded to above, namely, that "every inhabitant of the district shall be taxed in the district in which

he lives for all his personal estate." These words are not to be taken literally as all his personal property of every kind whatever; but are to be construed, with reference to other provisions of the statutes, as subject to all lawful exemptions, and as including only the personal estate liable to be taxed for municipal purposes in the town where the district is situated. Such was the conclusion reached by this court in *Bates* v. *Weymouth School District*, 9 Gray, 433, where the same provision contained in the Rev. Sts. *c.* 23, § 33, was considered. And it was there held that the plaintiff, who resided in Weymouth and carried on trade in Boston, could not be taxed for his stock in trade in Boston by a school district in Weymouth of which he was an inhabitant, but that that property could only be lawfully assessed in Boston.

The statutes of the United States provide, that the shares of stock in a national bank may be included in the valuation of the personal property of the owner, in assessing taxes imposed by the State within which the bank is situated; and that the Legislature of each State may determine the manner and place of taxing such shares; subject only to the restrictions that the taxation shall not be at a greater rate than is assessed upon other capital, and that the shares of non-residents shall be taxed where the bank is situated. U. S. Rev. Sts. § 5219. Apparently to carry out these provisions, the St. of 1873, *c.* 315, was enacted. It provides that all shares of stock in banks existing by the authority of the United States in this Commonwealth "shall be assessed to the owners thereof in the cities or towns where such banks are located, and not elsewhere, in the assessment of all state, county and town taxes imposed and levied in such place by the authority of law, whether such owner is a resident of said city or town or not."

The fair cash value of such shares must be determined by the assessors of the town where the bank is established. In determining the rate at which taxes shall be assessed in such town, the assessors shall omit from the valuation upon which the rate is based the value of the shares held by non-residents, and it is the duty of the bank to pay the tax assessed upon all its shares to the authorities of the town. The town is entitled to retain the taxes thus assessed upon the shares of its own

citizens; and must account to the tax commissioner of the Commonwealth for all the taxes thus assessed upon non-residents; which taxes are credited to those towns of the Commonwealth where such non-residents reside. §§ 1–7. The other provisions of the act have no particular bearing on this case.

The plaintiff in this case, as collector of the town of Newbury, seeks to recover of the defendant a school-district tax, assessed upon shares of stock in a national bank of Newburyport belonging to the defendant's intestate, who was an inhabitant of the district. But as these shares must by law be assessed in Newburyport, and form a part of its valuation, except so far as fixing the rate of taxation is concerned, they could form no part of the valuation of the town of Newbury, and could not therefore, for the reasons above stated, be included in the assessment of a tax laid by a school district in Newbury.

Whether it would be within the power of the Legislature to provide that such shares might be assessed by a school district as the property of one of its inhabitants, we need not inquire. It is sufficient to say that, the Legislature having forbidden the assessment of these particular shares belonging to the plaintiff's intestate in any place except Newburyport, Newbury cannot include them in her valuation, and neither Newbury nor the school districts of Newbury can, by existing provisions of law, reach them for purposes of taxation.

The fact that by the statute Newbury received, through the tax commissioner of the Commonwealth, the tax thus assessed on these shares by Newburyport, is immaterial, so far as the question here considered is concerned.

*Judgment for the defendant.*

*D. L. Withington*, (*E. W. Cate* with him,) for the plaintiff.
*E. F. Stone*, for the defendant.