SALEM RICH vs. PACKARD NATIONAL BANK.

Franklin. Sept. 17, 1884. — Feb. 28, 1885. C. ALLEN & COLBURN, JJ., absent.

Under the Pub. Sts. c. 13, §§ 8–19, the shares in a national bank, of stockholders who reside in a regularly organized fire district in the town in which the bank is located, cannot be subjected to a tax assessed for fire-district purposes.

DEVENS, J. The only question discussed in the case at bar is whether the shares in a national bank located in Greenfield, of certain stockholders who reside in a regularly organized fire district in the same town, may be subjected to a tax assessed for fire-district purposes; and whether the same, if assessed, may be collected. Any other question which might have been raised, as to the form of the action or otherwise, is expressly waived.

The national banks are instrumentalities created by the United States government for the performance of its constitutional functions. It is not, therefore, within the power of the States to impose taxes upon them, except so far as this is permitted by the laws under which they are created, and with such limitations and qualifications as those laws prescribe. *Austin* v. *The Aldermen*, 7 Wall. 694.

Section 5219 of the U. S. Rev. Sts. provides that all the shares in any such banking association may be " included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located ; " and that " the Legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere." Our statutes, while they include also state banks, are intended to carry out these provisions, and to enable the Commonwealth to avail itself of the control thus granted over

the shares of national banks, so far as taxation is concerned. St. 1873, c. 315. Pub. Sts. c. 13, §§ 8–19.

Section 8 of the Pub. Sts. c. 13, enacts that " all the shares of stock in banks, whether of issue or not, existing by authority of the United States or of the Commonwealth, and located within the Commonwealth, shall be assessed to the owners thereof in the cities or towns where such banks are located, and not elsewhere, in the assessment of all state, county, and town taxes imposed and levied in such place, whether such owner is a resident of said city or town or not," &c. This section provides in terms only for an assessment of state, county, and town taxes. It is made upon all the shares equally, and is apparently intended to impose upon each stockholder the same burden. As taxes are arbitrary impositions for the public necessities, the language of the statute by which they are imposed is always to be carefully considered, especially when, as in the present case, if the plaintiff's contention be correct, some of the stockholders of this national bank are to bear a burden not imposed upon others. It is to be observed, also, that it is a burden of a character which could not fall upon certain other stockholders, unless at least there was additional legislation. Thus, if a stockholder was a resident of another town than that wherein the bank was located, and was there a member of a fire or school district organization, his bank shares could not be there subjected to assessment for any of its taxes. *Little* v. *Little*, 131 Mass. 367. Nor could they be thus assessed in the town where the bank was located, as the holder, not being an inhabitant, could not there be a member of such subordinate local organization. That it is intended that all the shares of a bank shall bear an equal burden is further shown by the fact, that, whether the taxable rate be larger or smaller than that of the town wherein the stockholder resides, he is taxed with all the other stockholders at the rate which exists in the town where the bank is located. If he be a non-resident of the State wherein the bank is located, he is subject to no assessment upon his shares in the State of his residence.

The Pub. Sts. c. 35, § 54, provide that the clerk of a fire district shall certify to the assessors of the town " all sums of money voted to be raised, which sums shall be assessed and

collected by the officers of the town in the same manner as town taxes, and shall be paid over to the treasurer of the district." The plaintiff urges that, as fire-district taxes are to be assessed " in the same manner as town taxes," and, as the valuation of a person's property includes his shares of stock in national banks located in the same town, (Pub. Sts. c. 11, § 53,) it follows that the fire-district tax is to be assessed upon the shares included in this valuation. But provisions as to the manner of assessing a tax cannot be interpreted as authorizing a tax upon any particular species of property, unless it otherwise appear that it was intended to be subjected thereto.

Upon examining, in connection with the section we have had more immediately under consideration, those which follow it, Pub. Sts. c. 13, §§ 8–19, it will be seen that the particular method which they prescribe contemplates an assessment on all the shares. While the assessment is made to the owners thereof, the whole tax is to be paid by the bank itself to the collector of the town where it is located, and it holds a lien on all the shares therefor. §§ 9, 10. The cashier of the bank is required to make a sworn statement to the assessors of the town, which is by them transmitted to the tax commissioner of the Commonwealth, with a statement of the rate per cent of taxation and of the amount assessed on each shareholder. § 11. As the amount thus received by the town includes taxes upon the property of residents of other towns, which would not, by the Pub. Sts. c. 11, be taxable therein, this matter is adjusted by the commissioner, who, in the account of the town with the Commonwealth, charges said town with these taxes thus received, and gives credit to the town which is entitled to receive them. §§ 12, 13. Upon being informed of his decision, the assessors of the town are entitled to an appeal to a board constituted for that purpose. § 14. Upon the final adjustment the commissioner certifies to the state treasurer the aggregate amount of charges and credits, who is to " withhold out of any sums of money which are or may become payable out of the state treasury to any city or town against which a charge is certified the amount so certified, and shall allow or pay over to each city or town in favor of which a credit is certified the amount so certified." § 15. An allowance of one per

cent upon the amount assessed and collected on bank shares is made to the town assessing and collecting the same for its expenditure. § 16. All these provisions are of such a character that they have no application to an assessment on a part of the shares for the benefit of a subordinate locality within the town. The domicil of the shareholder is nowhere treated as of consequence in the assessment and collection of the tax, but is only important in its subsequent appropriation and distribution.

The rules which formerly prevailed when bank shares, like other personal property, were taxable to the owner in the place of his domicil, and were thus taxable to him, if a resident in a fire or school district, for the purposes thereof, do not apply under the present system. *Dwight* v. *Springfield Fire District*, 11 Met. 374. *Little* v. *Little*, *ubi supra*.

In view of the fact that provision is made, by our present statute, in terms, only for the taxation of bank shares for state, county, and town purposes, that the machinery provided therefor is adapted only for taxation of all these shares, and of the apparent intention that all the shares shall bear the same burden, we are of opinion that the plaintiff cannot maintain his action. *Judgment for the defendant affirmed.*

*A. De Wolf*, for the plaintiff.
*F. G. Fessenden*, for the defendant.