*698
 
 Mr. Justice SWAYNE
 

 delivered the opinion of the qouit..
 

 This case is brought before us by a writ of error, issued pursuant to the twenty-fifth section of the Judiciary Act of 1789.
 

 The legislature of. Massachusetts, by a statute passed on the 15th of May, 1865 (ch. 242), provided for “the taxation of shares in associations for'banking, established .under the laws of the United States,” and prescribed the mode of procedure for that purpose. The statute is confined, to such associations in that State, and to shares ‘held by persons living within its limits. The third section enacts that the assessment for taxation shall be made where the shareholders reside.
 

 The proviso in the act of Congress which permits the shares to be taxed by the States, requires, them to be included “in the valuation of the personal property” of the holder, “in tpe assessment of taxes imposed by or under .State,- authority, at the place where' such bank is located, and-not elsewhere.”
 
 *
 
 There are other regulations upon the subject, but they do not affeef the point to be considered, and need not to be more particularly adverted to.
 

 The plaintiff in error lived in Boston, and was the owner 'of stock in six National,banks there situated, and the valuation and assessment were there made.
 

 It is pot denied that this was in conformity to the act of Congress, but it is insisted that the taxes assessed were illegal' and void, because the statute of the State requires that they shall be assessed at the place of the residénce of the shareholder, without reference to the locality of the bank.
 

 The only question of Federal jurisdiction,.and of which this court can take cognizance is, whether the plaintiff in eri-or has been deprived of any right, contrary to the act of Congress, upon which he relies for protection.
 

 • The facts bring the case within the terms of the act,-according to the strictest construction which cau be given to .them. This is conclusive of the case. Whether, in another
 
 *699
 
 case, arising upon a different'-state of facts; the. statute .¡may not produce results in conflict with the abt of Congress, and-which this court will therefore be bound to revise and correct, is an inquiry upon which we are' not called to enter. We .can' only-consider the statute .-in connection- with the case before us. 'Having ascertained that it has wrought no effect-which the act forbids,.our jurisdiction -i^ at ah.end1: The twenty-fifth section,,of the Judiciary-'Act'is explicit upon the subject.. ..
 

 .The r'ght of taxation,; ,wherp it exista, is necessarily unlimited in its nature. -It carries with if iohefeutly, the power to embarrass and destroy.'
 

 ' It is Well settled that the States cannot- exercisp this du-1 thouity in.respect; to any of the, instrumentalities Which the general government may Create, for-the performance pf its .constitutional'functions. It- is equally,well settled, .that this exemption..may be "waived- wholly, or with such limitations and, qualifications/as may be deemed proper, by the láwmaking-power of the nation; /but-the waiver must, be clear; and every well-grounded doubt upónéthe- subject shopld be, resolved in favor of the exemption.
 

 In respect to the elass.of cases to which the ope. before us, belongs, the jvaiver is expressed in.'clear and- Pqmistak'able language,.'
 

 Important questions have arb m as to the construction and 'effect of-the permission given to tax, by'the act of Congress, under consideration, with reference to the-national securities .held' by the banks. - These questions have been settled by this court in repeated decisions.
 
 *
 

 In this case, the only question open for our .examination ■ must, for the reasons before stated, be resolved against the plaintiff in error.
 

 Judgment xeeirmed.
 

 *
 

 Act of June 3, 1864, ch. 106,
 
 §
 
 41, 13 Stat. at Large, 112.
 

 *
 

 Van Allen
 
 v.
 
 The Assessors, 3 Wallace, 573; The People
 
 v.
 
 The Commissioners, 4 Id. 244; Bradley
 
 v.
 
 The People, Id. 459.