CITIZENS NATIONAL BANK *v.* COMMONWEALTH OF KENTUCKY FOR THE USE AND BENEFIT OF BOYLE COUNTY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

.No. 135. Argued March 10, 1910.—Decided May 2, 1910.

An act assessing stockholders of national banks, although illegal as to a class of stockholders not similarly taxed on shares in other moneyed institutions, may be legal as to the class which is similarly taxed; and so held that § 3 of the act of March 21, 1900, of Kentucky, providing for back assessments on shares of national banks, although not legal as to non-resident stockholders, there having been no statute prior to 1900, providing for the assessing of stock of non-resident stockholders of other moneyed corporations, is not illegal as to res-

ident stockholders, as there were statutory provisions for assessing them for stocks in other moneyed corporations of the State prior to 1900. *Covington* v. *First National Bank,* 198 U. S. 100, distinguished.

A statute is not lacking in due process of law within the Fourteenth Amendment if it simply provides a new remedy for collecting a tax liability already legally existing under prior law.

A state statute may make a bank the agent for its own shareholders in compelling returns, and make it liable for taxes assessed against the shareholders.

The constitutionality of a statute cannot be attacked because it relates to a certain class by one not of that class.

Shares of stock of a national bank pass from one holder to another subject to the burden of taxes and if not properly returned for taxation as required by law the liability remains until barred by limitation and may be enforced although the stock has been transferred.

Liability for a tax is not subject to rules applicable to the vendor's equity of one buying without notice. *Seattle* v. *Kelleher,* 195 U. S. 351.

The fact that the par value of shares of a national bank has been reduced does not affect the right of taxation or to back assess unlisted shares. The shares are the same although reduced.

*Citizens' Savings Bank* v. *Owensboro,* 173 U. S. 636; *Covington* v. *First National Bank,* 198 U. S. 100, followed to effect that the act of March 21, 1900, of Kentucky, does not impair the obligation of the supposed contract under the Hewitt Bank Act of that State.

THE facts, which involve the validity of the statute of Kentucky of March 21, 1900, in regard to taxation of shares of stock of national banks, are stated in the opinion.

*Mr. Robert Taylor Quisenberry* for plaintiffs in error:

The interpretation placed on § 3, of the act of March 21, 1900, by the Court of Appeals of Kentucky, not only brings its operation into violation of § 5219, Revised Statutes, but departs from the rule that a statute shall have a prospective operation only, unless its terms show clearly a legislative intent that it shall operate retrospectively. *Watts* v. *Commonwealth,* 78 Kentucky, 331; *Lawrence* v. *City of Louisville,* 96 Kentucky, 598; *Ohio Valley Telephone Co.* v. *City of Louis-*

*ville,* 94 S. W. Rep. 17; *United States* v. *American Sugar Co.,* 202 U. S. 577; *United States* v. *Barr,* 159 U. S. 778.

But a tax upon shares of stock in national banks is the individual debt of the owner of the shares. If the judgment in this proceeding is sustained, then the bank must pay it out of the assets of the bank, thereby using the property in which the shareholder of 1909 or 1910 has an interest, to pay the debt of another party, together with a twenty per cent penalty, which would not only violate the Constitution and laws of the United States, but all known principles of law.

The court below erred in declaring that the shares of resident stockholders were taxable under general law of the States for the years prior to 1900. *Covington* v. *First National Bank,* 198 U. S. 100; *National Bank* v. *Owensboro,* 173 U. S. 676; *Owen County Court* v. *Farmers' National Bank,* 59 S. W. Rep. 7; *Scobee* v. *Bean,* 109 Kentucky, 526, do not sustain this contention, or are in error.

The rule in Kentucky is that the *situs* of personal property is the domicil of its owner, and is there taxable. *Lexington* v. *Fishback,* 109 Kentucky, 770; *Frankfort* v. *Fidelity Trust Co.,* 111 Kentucky, 667.

Therefore to tax national bank shares according to "general law," as defined by the state court would result in taxing only those shares which were owned by the residents and citizens of Kentucky, and omitting all shares of stock owned by non-residents. If all the shares of stock were owned and controlled by non-residents then, according to the law of taxation so laid down no tax could be assessed against said shares in Kentucky, but they would have to be taxed, like other choses in action, at the domicil of their owner. But see § 5219, Revised Statutes.

This proceeding neither discloses the name nor residence of any owners or holders of shares of stock in the Citizens' National Bank, nor the agent or attorney of such owner, nor the name of the person in possession of said shares. The owner of said shares is excluded from all participation in the

valuation, assessment and taxation of said shares, and the whole matter is relegated into the hands of those who neither own nor possess said shares. No notice is given to the owner and no forum is provided before which he can be heard in defense of his property upon the ground that the valuation placed thereon is either unreasonable, or confiscatory. The act denies him any voice in the matter and is in conflict with § 5219, Rev. Stat., in that respect and denies the shareholders due process of law. See also *Holden* v. *Hardy,* 169 U. S. 366; *Palmer* v. *McMahon,* 133 U. S. 669. Section 5219 is plain, and the right therein given a State to tax shares of stock in national banks cannot be delegated to counties, cities, towns, and taxing districts, except in the case of shares owned by non-residents of the State, which must be taxed by the city or town wherein the bank is located.

As this proceeding is instituted against the bank, its president and its cashier, for the purpose of enforcing the act of March 21, 1900, by compelling them to comply with its terms and provisions, it therefore becomes their duty to raise and urge every ground upon which said act is conceived to be repugnant to the Constitution and laws of the United States. The aforesaid defenses are not confined solely to shareholders. *Hills* v. *Exchange Bank,* 105 U. S. 319; *Boyer* v. *Boyer,* 113 U. S. 689; *Cummings* v. *National Bank,* 101 U. S. 153; *Pelton* v. *Commercial National Bank,* 101 U. S. 143.

The act permits an illegal discrimination against shares of stock in national banks and in favor of moneyed capital in the hands of individual citizens of the State by requiring these shares to be assessed as real estate, while no tax whatever is placed upon shares of stock in state banks, these institutions being taxed under §§ 4077, 4020, Kentucky Statutes. And the shares of stock in said corporations are exempt from taxation by § 4085, Kentucky Statutes. See *Citizens National Bank of Lebanon* v. *Burton,* 121 Kentucky, 876; *Home Savings Bank* v. *Des Moines,* 205 U. S. 510.

The act is illegal in that it declares shares of stock in na-

tional banks subject to taxation, and makes it the duty of the president and cashier to list said shares, and declares that the bank shall be and remain liable for the taxes upon said shares, without any provision being made whereby the bank may recover the amount of the taxes so paid on behalf of its shareholders.

An analysis of the act shows that it simply contemplates the taxation of the property of the bank, and not its shares, and the opinion of the Court of Appeals of Kentucky herein shows that that court construed that act to levy a tax upon the property of the bank, and not upon its shares of stock. *Commonwealth* v. *Citizens' National Bank,* 117 Kentucky, 946; S. C., 80 S. W. Rep. 158. See *Van Allen* v. *The Assessors,* 3 Wall. 581; and dissenting opinion in *Hager &c.* v. *Citizens' National Bank,* 105 S. W. Rep. 403.

*Mr. John W. Yerkes* for the defendants in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This was a proceeding under the law of Kentucky to back assess the shares of stock in the Citizens National Bank as property omitted from the tax list. After much petitioning, pleading and demurring, and two appeals to the Court of Appeals of the State of Kentucky, 1,473 shares were assessed for the taxes of 1896, 1897 and 1898, and 990 shares for the taxes of 1899, with a penalty of twenty per cent added to the tax each year. The proceeding under which this result has been reached was started in the County Court of Boyle County, Kentucky, in March, 1901, by a petition filed by the sheriff of the county for the purpose of causing the shares of the bank to be assessed as property omitted by the assessor. The authority under which the petition was filed is found in § 4241, Kentucky Statutes, and the Kentucky act of March 21, 1900. As the validity of this later act is challenged, we set it out in the margin.[1]

[1] Whereas the Supreme Court of the United States has lately de-

⸰ In the case of the *Owensboro National Bank* ·v. *Owensboro*, 173 U. S. 664, this court held invalid certain legislation of the State of Kentucky providing for the taxation of national banks as laying a tax, not upon shares, which was permissible, but upon the property and franchises of such banks which was

cided that article three (3), chapter 103 of the acts of 1891–1892–1893 is void, and of no effect in so far as the same provides for taxation of the franchise of national banks, in consequence of which decision there is not now and has not been since the adoption of said article in 1892, any adequate mode of taxing national banks, while State banks are now and have been ever since 1892 taxable for all purposes, State and local, therefore.

Be it enacted by the General Assembly of the Commonwealth of Kentucky: ·

SEC. 1. That the shares of stock in each national bank of this State shall be subject to taxation for all State purposes, and shall be subject to taxation for the purposes of each county, city, town, and taxing district in which the bank is located.

SEC. 2. For the purposes of the taxation provided for by the next preceding section, it shall be the duty of the president and the cashier of the bank to list the said shares of stock with the assessing officers authorized to assess real estate for taxation, and the bank shall be, and remain liable to the State, county, city, town, and district for the taxes upon said shares of stock.

SEC. 3. When any of said shares of stock have not been listed for taxation for any of said purposes under levy or levies of any year since the adoption of the revenue law of eighteen hundred and ninety-two, it shall be the duty of the president and the cashier to list the same for taxation under said levy or levies: Provided, That where any national bank has heretofore, for any year or years, paid taxes upon its franchise as provided in article three (3) of the revenue law of eighteen hundred and ninety-two, said bank shall be excepted from the operation of this section as to said year or years: And provided further, That where any national bank has heretofore, for any year or years, paid State taxes under the Hewitt bill in excess of the State taxes required by this act for the same year or years, said bank shall be entitled to credit by said excess upon its State taxes required by this act.

SEC. 4. All assessments of shares of stock contemplated by this act shall be entered upon the assessor's books, verified and reported by the officers as assessments of real estate are entered, certified, and reported, and the same shall be certified to the proper collecting officer

inadmissible under the restrictions of § 5219; Rev. Stat. In consequence of this decision this act of March 21, 1900, was passed, as shown both by its subject-matter and the recital in the preamble. The act is both prospective and retrospective. Of its prospective features, we need say nothing. The third section is retrospective, in that it provides for the return of shares in national banks which, during the years of the operation of the legislation held invalid by this court, had not been returned for taxation, by making it the duty of certain officers of such banks to list for taxation for the years between 1892 and 1899 all shares in such banks which had not been returned, and by requiring all such banks to pay the tax and penalty upon all such omitted shares, subject, however, to certain deductions and credits on account of taxes paid by such banks under the act held invalid, as well as under the prior Hewitt act.

In *Covington* v. *First National Bank*, 198 U. S. 100, this court was required to consider the effect of the third section of the act in imposing upon national banks a liability for the taxes and penalties upon such omitted shares, which, during the years covered by this section, had been held by persons not domiciled within the State of Kentucky. The question arose under a bill filed in a Circuit Court of the United States

_____

for collection as assessments of real estate are certified for collection of taxes thereon.

SEC. 5. The assessments of said shares of stock and collection of taxes thereon, as contemplated by this act, may be enforced as assessments of real estate and collection of taxes thereon may be enforced.

SEC. 6. The purpose of this act is to place national banks of this State with respect to taxation upon the same footing as State banks as nearly as may be consistently with said article three (3) of the revenue law and said decision of the Supreme Court.

SEC. 7. Whereas, it is important that State banks and national banks should be taxed equally for all purposes an emergency exists, and this act shall take effect and be in force from and after its passage.

Approved March 21, 1900.

to enjoin the imposition of liability upon a national bank for taxes and penalties upon shares held between 1892 and 1900 by persons who were not domiciled in Kentucky, it being alleged that the purpose of the proceeding against the bank was to charge the bank without discrimination between domestic and foreign-held shares. Prior to this act of March 21, 1900, there was no law requiring a return for taxation of bank shares held by owners not domiciled within the State, either by such holder or by the bank in which such shares were held. For this reason we held in the case referred to that this act imposed, for the years prior to its passage, a liability upon national banks for taxes upon shareholders, domiciled outside of the State, which was not borne by other incorporated moneyed institutions. Upon this subject the court, speaking by Mr. Justice Day, said:

"Without considering the question of constitutional power to tax nonresident shareholders by means of this retroactive law, it seems to us that in imposing upon the bank the liability for the past years, for taxes and penalty, upon stock held without the State, and which before the taking effect of the act under consideration it was not required to return, there has been imposed upon national banks in this retroactive feature of the law a burden not borne by other moneyed capital in the State. This law makes a bank liable for taxes upon property beyond the jurisdiction of the State, not required to be returned by the bank as agent for the shareholders, by a statute passed in pursuance of the authority delegated in § 5219, thus imposing a burden not borne by other moneyed capital within the State." (Covington v. First National Bank, 198 U. S. 114).

In the case now before us for consideration a liability has been imposed upon the Citizens Bank, the plaintiff in error, not for taxes and penalties upon shares of the bank held by shareholders domiciled beyond the State—as was attempted in Covington v. First National Bank, 198 U. S. 100—but exclusively upon shareholders domiciled within the State. The liability is limited to the tax and penalty upon shares owned

by shareholders domiciled within the State, the name, residence and amount due from each such shareholders being distinctly set down in the decree.

Neither is the act lacking in due process if, as we shall assume for the moment is the case, the procedure under the third section is but a new remedy for a tax liability imposed by prior law of the State upon resident holders of shares of the bank.

Section 5210, Rev. Stat., requires every such bank to keep a correct list of its shareholders accessible to taxing officers, and by § 5219, Rev. Stat., the legislature of each State may, for itself, determine the manner and method for taxing shares in such banks, subject only to the restrictions named therein. In making the bank the agent for its own shareholders in proceedings brought to compel a return and secure an assessment, and in imposing upon the bank a liability for the tax so assessed against the shareholders, the act only follows the well-settled procedure sanctioned in *National Bank* v. *Commonwealth*, 9 Wall. 353; *Van Slyke* v. *Wisconsin*, 154 U. S. 581, and *Aberdeen Bank* v. *Chehalis County*, 166 U. S. 440.

That the third section does not impose a liability upon either the domestic shareholders or the bank which did not exist before under the prior law of the State, was settled by the case of *Scobee* v. *Bean*, 109 Kentucky, 526. In that case the shares of certain resident shareholders had been assessed for taxes laid for years prior to this act of 1900, and it was urged that since the special legislation for the taxation of such shares had been held void by this court in *Owensboro National Bank* v. *Owensboro*, that there was no law of the State under which these shares could be assessed. But the Kentucky court, after an elaborate review of the general taxing law of the State, held that there was full prior statutory authority for the taxation of such shares, and that under that law, if the bank failed to return and pay the tax upon such shares, it was the duty of the shareholders to do so. That case has been followed in a number of other cases by the same court, and it is the basis upon

which the third section of this act of March 21,.1900, was upheld in the present case as not imposing a new liability,.but as simply providing another method for the assessment of shares which had escaped assessment under the prior law, because neither the shareholders nor the bank had returned them for taxation. In *Covington* v. *First National Bank*, 198 U: S. 100, 111, this court, speaking by Mr. Justice Day, accepted this as the interpretation of the statutory law of Kentucky by the highest court of the State, saying:

"Following the State court in the interpretation of its own statutes, it may be said that, as to shareholders residing in Kentucky and over whom the State has jurisdiction, the Supreme Court of that State has.construed its statutes as requiring shareholders in national banks for the years 1893 to 1900, inclusive, to return their shares for taxation; and if they did not make the return the duty was required of the corporation. In this view of the law it may be that, as to local shareholders, the act of March 21, 1900, as held by the Supreme Court of Kentucky, created no new right of taxation, but gave simply a new remedy, which by the law is operative to enforce preexisting obligations. It may be admitted that section 5219 permits the State to require the bank to pay the tax for the shareholders. *National Bank* v. *Commonwealth*, 9 Wall. 353; *Van Slyke* v. *Wisconsin*, 154 U. S. 581; *Aberdeen Bank* v. *Chehalis County*, 166 U. S. 440."

This construction of the prior law and of the act of 1900 was reaffirmed upon the first appeal of the present case, where the court said:

"The act of March 21, 1900, did not, therefore, make that taxable which was not taxable before, but simply provided another mode for the assessment of the shares of stock and the payment of the taxes. It was the duty of the assessor to make the assessment. It was also the duty of the president and cashier of the bank to list the shares of stock with the assessor; but when the assessment was not made the property was simply omitted from the tax list, and the sheriff is authorized

by section 4241, Ky. Stat. 1903, to institute the proceedings to have any omitted property assessed. A penalty may be properly imposed in the proceeding because the property was not listed with the assessor as required by law, and stood as any other property for the assessment of which a proceeding under section 4241 may be instituted. While neither the bank, nor its president, nor its cashier is the owner of the shares of stock, the bank is made by the act the agent of the shareholders, and the notice to it is notice to his agent, within the meaning of section 4241. The president and cashier were properly made defendants because it is made their duty by the statute to list the stock. The bank is required to keep a list of-its shareholders, and therefore knows who they are. Notice to the agent in an assessment of property is sufficient notice to his principal." *Commonwealth* v. *Citizens National Bank*, 117 Kentucky, 946, 957.

But it is said that in *Covington* v. *First National Bank* this court held the third section broad enough to include liability for omitted returns of shares held by non-resident shareholders, and for that reason discriminated against national banks. But in that case the proceeding enjoined was one for the purpose of fixing liability upon the bank without discriminating between resident and non-resident shareholders. But in the present case the state court has not imposed liability upon the bank for taxes or penalties upon shareholders who were non-residents, but has applied it as affording a valid remedy for the collection of taxes and penalties upon residents who had not made return as required under the prior law. As thus applied, the bank has neither been deprived of any rights nor compelled to bear any burden in conflict with § 5219, Rev. Stat., upon which it relies for protection. But if it be assumed—an assumption not sustained by any decision of the Kentucky Court of Appeals—that the third section is broad enough to include liability for delinquent taxes claimed from both resident and non-resident stockholders, none of the latter class are here complaining, and such an objection cannot be

made by one unaffected by the alleged invalid feature. *Austin* v. *The Aldermen*, 7 Wall. 694; *Supervisors* v. *Stanley*, 105 U. S. 305; *The Winnebago*, 205 U. S. 354.

That the body of shareholders in 1901, when the proceeding was started, was not composed of the same individuals as the body during the years for which the taxes were due, is doubtless true. But the shares pass from one holder to another subject to the burden of taxes, and if not returned by either the shareholder or the bank, as required by the prior law, the liability remains to be enforced until barred by limitation of time. The liability of the bank is that of the shareholder, and its reimbursement must come from those who hold the shares when the bank liability is enforced. In *Seattle* v. *Kelleher*, 195 U. S. 351, it is said that liability for a tax is not subject to the rules applicable to the vendor's equity. "A man cannot get rid of his liability to a tax by buying without notice." The liability of the purchaser of shares for taxes not paid, and of the bank, as agent for its shareholders, is one of the notorious and necessary consequences of the long sanctioned right of the States to compel such banks to return its shares for taxation and to pay the assessment thereon if the shareholder does not. The legality of this method was reasoned out in *National Bank* v. *Commonwealth*, 9 Wall. 353, a case arising under the Kentucky law imposing liability upon banks for the tax upon shareholders. This answers the objection that in 1898 a reduction in the number of shares had occurred. That only means that each share of $1,000 was reduced to a share of $666.66; the shareholders remained the same, the proportion held by each in the capital being the same as before the reduction. The tax upon the share before it was reduced rested upon the same share after it had been reduced. None of the shares taxed had in fact gone out of existence before the proceeding to compel returns for purposes of taxation. The original 1,500 shares were represented by the outstanding 1,000 shares, and were in the hands of the same general body of shareholders.

The objection made that the act violates the supposed contract under the Hewitt act is answered by *Citizens Savings Bank of Owensboro* v. *Owensboro*, 173 U. S. 636, and *City of Covington* v. *First National Bank*, 198 U. S. 100.

The other assignments present no question which need be more particularly answered.

*Judgment affirmed.*

MR. JUSTICE WHITE, dissenting.

I am constrained to dissent because I think, in substance and effect the retroactive tax now upheld is a tax on the bank and its assets, and is therefore void. The power to tax is controlled by § 5219, Rev. Stat., and, as in my judgment, the tax which is now sustained is in conflict with that section, in my opinion there should be a judgment of reversal.