**RAINIER NAT. PARK CO. v. MARTIN, Gov. of Washington, et al.**

No. 582.

District Court, W. D. Washington, S. D.
May 24, 1937.

For former opinion, see 18 F.Supp. 481.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for plaintiff.

G. W. Hamilton, Atty. Gen., and R. G. Sharpe, Asst. Atty. Gen., for defendants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for the United States.

Before HANEY, Circuit Judge, and CUSHMAN and BOWEN, District Judges.

HANEY, Circuit Judge.

In the majority opinion handed down, it was held that the Act of Congress, June 30, 1916, § 1, 16 U.S.C.A. § 95, providing that "sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Mount Rainier National Park * * * saving further to the said State [Washington] the right to tax persons and corporations, their franchises and property, on the lands included in said park," gave consent to the United States to the state of Washington to levy the taxes complained of, on the authority of Mid-Northern Oil Company v. Walker, 268 U.S. 45, 45 S.Ct. 440, 69 L.Ed. 841.

Plaintiff urges that such conclusion is erroneous. It contends that the savings clause created no new right, but merely preserved only those rights which were then in existence; that the state had no right to tax a federal instrumentality prior to the cession of the lands, and therefore it could not have saved what it did not have. For the basis of what is hereinafter said, we assume that such contention is sound as applied to the Washington statute, Laws 1935, p. 706, saving the right of taxation.

But it does not follow that those contentions are correct as applied to the federal statute.

■ Well-settled rules are stated in U. S. v. Unzeuta, 281 U.S. 138, 142, 50 S.Ct. 284, 285, 74 L.Ed. 761, as follows:

"When the United States acquires title to lands, which are purchased by the consent of the legislature of the state within which they are situated 'for the Erection of Forts, Magazines, Arsenals, Dock-yards and other needful buildings' (Const. art. 1, § 8), the Federal jurisdiction is exclusive of all State authority. With reference to land otherwise acquired, this court said in Fort Leavenworth Railroad Company v. Lowe, 114 U.S. 525, 539, 541, 5 S.Ct. 995, 29 L.Ed. 264, that a different rule applies; that is, that the land and the buildings erected thereon for the uses of the national government will be free from any such interference and jurisdiction of the state as would impair their effective use for the purposes for which the property was acquired. When, in such cases, a state cedes jurisdiction to the United States, the state may impose conditions which are not inconsistent with the carrying out of the purpose of the acquisition. Fort Leavenworth Railroad Company v. Lowe, supra; Chicago, Rock Island & Pacific Railway Company v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270; Benson v. United States, 146 U.S. 325, 330, 13 S.Ct. 60, 36 L.Ed. 991; Palmer v. Barrett, 162 U.S. 399, 403, 16 S.Ct. 837, 40 L.Ed. 1015; Arlington Hotel Company v. Fant, 278 U.S. 439, 451, 49 S.Ct. 227, 73 L.Ed. 447. The terms of the cession, to the extent that

they may lawfully be prescribed, determine ·the extent òf the Federal jurisdiction."

The cases cited fully support the doctrine. See, also, ' Hamburg-American Steamship Co. v. Grube, 196 `U.S. 407, 415, 25 S.Ct. 352, 49 L.Ed. 529.

■ Therefore the state of Washington by its act of cession could lawfully save the right of taxation, provided it would not "impair their effective use for the purposes for which the property · was acquired." Saving to the state the right of taxation is no such impairment. Fort Leavenworth Railroad Company v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264, Chicago, Rock Island & Pacific Railway Company v. Mc-Glinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270, and see Arlington Hotel Company v. Fant, 278 U.S. 439, 49 S.Ct. 227, 73 L.Ed. 447.

■ Thus it is seen that the Washington act saved the right of taxation to such state, and that mere acceptance of the grant by the United States was an acceptance of the conditions. The state had "the right to tax persons and corporations, their franchises and property, on the lands included in said park," 16 U.S.C.A. § 95, upon mere acceptance of the grant by the United States, and no words to that effect by the latter were necessary. Upon mere acceptance of the grant by the· United States, the right to tax an instrumentality used by the government in the exercise of its "essential governmental functions" (see Brush v. Commissioner, 300 U.S. 352, 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428, decided by the Supreme Court on March 15, 1937) did not then exist in the state, for it could be obtained solely from Congress. Austin v. Aldermen of Boston, 74 U.S. 694, 699, 7 Wall. 694, 699, 19 L.Ed. 224.

Congress added to its acceptance the words "saving further to the said State the right to tax persons and corporations, their franchises and property, on the lands included in said park." Plaintiff contends that this clause merely constituted acceptance of the condition attached to the cession and created no new right. The clause quoted in the congressional act · is not properly a savings clause, because the United States did not have the right to save. Only Washington could save its rights. It is inconceivable that Congress, by the clause quoted, was merely accepting something they had already accepted. If that were true, the clause would be superfluous and meaningless.

■ It was very early announced, however, that "Congress is not to be presumed to have used words for no purpose"; that "a legislature is presumed to have used no superfluous words"; and that "courts are to accord a meaning, if possible, to every word in a statute." Platt v. Union Pacific R. Co., 99 U.S. 48, 58, 25 L.Ed. 424. Following the presumption, we must hold that 'the clause in question is not superfluous, and under that construction it follows that Congress granted some right of. taxation to the state of Washington which would be the right to tax an instrumentality of the federal government.

■ Plaintiff strongly relies on Domenech v. National City Bank, 294 U.S. 199, 55 S.Ct. 366, 79 L.Ed. 857, and Posadas v. National City Bank, 296 U.S. 497, 56 S. Ct. 349, 80 L.Ed. 351. Before discussing those cases, it is necessary to state that the powers of self-government in a territory of the United States exist only if obtained from Congress, which also controls the extent thereof. Snow v. United States, 85 U.S. 317, 320, 18 Wall. 317, 320, 21 L.Ed. 784.

Prior to action by Congress, and as a general statement, a national bank was immune from taxation by the state because it was an instrumentality of the federal government. Congress provided specific methods of taxation which might be exercised by the states. 12 U.S.C.A. §. 548. By the organic act establishing self-government in Puerto Rico, 31 Stat. 77, 48 U. S.C.A. § 731 et seq., it gave that territory a general right of taxation. The territory levied a tax on a national bank which` was not of the kind permitted by 12 U.S.C.A. § 548. It was properly held that Congress had not consented to the levy of such tax, because "the grant to the island of a general power to tax should not be construed as a consent." Domenech v. National City Bank, supra, 294 U.S. 199, 205, 55 S.Ct. 366, 369, 79 L.Ed. 857. That holding is sound because Congress did in fact grant powers of taxation, but only such powers as were consistent with its laws. In the instant case, the clause in question either granted the right to tax a federal instrumentality, or it was superfluous. In view of the presumption, ·we cannot hold the clause superfluous. Posadas v. National City Bank, supra, is like Domenech v. National City Bank, supra, and is not control-

ling for the same reasons that the latter is not.

Plaintiff also complains of our holding that the incidental regulation of its business was reasonable. Nothing is advanced, however, which requires further discussion, other than what is said in the opinion.

Petition for rehearing is denied.

CUSHMAN, District Judge (dissenting).

For the reasons stated in the opinion filed herein August 24, 1936, and the writer's dissenting opinion filed herein March 4, 1937, I am unable to concur in the foregoing opinion and dissent from it and the order denying the petition for rehearing.