O’Neill, J.
The question before this court is whether a production credit association is subject to the Ohio franchise tax imposed by Section 5733.01, Eevised Code, after the shareholder interest in the association has passed to parties other than the federal government or any of its officials.
The association here is- an instrumentality of the United States. It has inherent as well as specific statutory exemption from a state franchise tax. See Section 1138c, Title 12, U. S. Code (Farm Credit Act of 1933).
An instrumentality of the United States may not be taxed by a state unless Congress has granted consent to the state to tax. McCulloch v. Maryland, 4 Wheat. (U. S., 1819), 316, 4 L. Ed., 579; Austin v. Aldermen (U. S., 1869), 7 Wall., 694, 19 L. Ed., 224; California v. Central Pacific Bd. Co. (1888), 127 U. S., 1, 32 L. Ed., 150, 8 S. Ct., 1073.
The Congress of the United States has granted consent to the state of Ohio to impose upon the Columbus Production Credit Association the tax authorized by Section 5733.01, Eevised Code, by the language in Section 1138c, Title 12, U. S. Code (Farm Credit Act of 1933). The latter section first sets forth in statutory language the exemptions from taxation which are to be enjoyed by production credit associations, and then it sets forth in clear language under what conditions Congress consents to state taxation of such associations. This language is broad and plain, is not ambiguous, and is as follows:
“The exemption provided herein shall not apply with respect to any production credit association or its property or income áfter the class A stock held in it by the governor has been retired.”

Decision reversed.

Zimmerman, Taet, Matthias and Bell, JJ., concur.
Herbert, J., not participating.