**Douglas PAULOS, Plaintiff-Appellant,**

v.

**Harold A. BREIER, as an Individual and as Chief of Police of the City of Milwaukee, Defendant-Appellee.**

No. 74–1387.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1974.

Decided Dec. 30, 1974.

**1384**

Gerald P. Boyle, Milwaukee, Wis., for plaintiff-appellant.

James B. Brennan, City Atty., Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendant-appellee.

Before MARIS, Senior Circuit Judge,[1] and CUMMINGS and PELL, Circuit Judges.

CUMMINGS, Circuit Judge.

In this action brought under 42 U.S.C. § 1983, plaintiff, a detective employed by the Milwaukee, Wisconsin, Police Department, sought a declaratory judgment that Rule 29, Section 31, of that Department's Rules and Regulations be declared unconstitutional. He also sought the revocation of an April 6, 1972, order of the defendant Chief of Police finding him guilty of violating the rule and ordering his suspension for five alternate regular off days. Finally, plaintiff sought to recover "an amount equal to his regular rate of pay for all the time worked on his regular five (5) off days," plus interest.

Rule 29, Section 31, provides as follows:

"Members of the [Police] Department shall not solicit or make contri-

bution in money or other thing, directly or indirectly on any pretext to any person, committee, or association, for political purposes, nor shall they interfere or *use the influence of their office for political reasons*" (emphasis added).

On March 3, 1972, plaintiff sent the following letter to 54 Milwaukee police officers holding lesser positions: [2]

"Dear Fellow Police Officer:

"Attorney John J. Valenti is a candidate for the office of [County] Supervisor in your district. As you are probably aware, he is the personal attorney for many police officers.

"John has been both my friend and my attorney for more than 15 years. Based on that relationship, I can assure you that he is a man of high integrity, ability and dedication. He is highly qualified for the office he seeks and can best represent your interests in that capacity.

"I strongly urge you, your family, your neighbors and your friends to consider him when you cast your ballot on Tuesday, March 7, 1972.

"Sincerely,
/s/ Douglas Paulos
Detective—Milwaukee Police
Dept."

On March 31, 1972, plaintiff was charged with violating the above rule by "using the influence of his office for political reasons" through sending the foregoing letter "for the express purpose of supporting a candidate seeking political office." As noted, on April 6th, two days after his departmental trial, the defendant Chief of Police found plaintiff guilty as charged.

Defendants filed a motion to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. After consider-

---

**1.** Senior Circuit Judge Albert B. Maris of the Third Circuit is sitting by designation.

**2.** The district judge noted and plaintiff concedes that as a detective, Paulos "stood in a position of authority over those patrolmen who received the letter."

ing the respective parties' briefs, the district court rendered an unreported memorandum opinion and order. One of the two defendants, the City of Milwaukee, sought and received a dismissal of the case as to it because of City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109, and plaintiff has not appealed this ruling. The district court also upheld the constitutionality of Rule 29, Section 31, and dismissed the action, resulting in this appeal. We affirm.

Relying primarily upon United Public Workers v. Mitchell, 330 U.S. 75,[3] the Supreme Court's celebrated opinion upholding the constitutionality of the Hatch Act (5 U.S.C. § 7324(a)(2)), the district court held that Rule 29, Section 31, is not unconstitutional for vagueness. An overbreadth attack was also rejected on the ground that the rule "primarily proscribes conduct" and that any overbreadth in the regulation was not "substantial . . . judged in relation to [its] plainly legitimate scope." Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830.

In this Court plaintiff makes a three-pronged attack on the constitutionality of Rule 29, Section 31. He asserts that the regulation violates the First and Fourteenth Amendments as applied to the facts of this case, that the regulation is overbroad on its face, and that it is void for vagueness.

### Constitutionality of the Regulation as Applied

Plaintiff admits that he "sent a letter to some fellow officers, recommending their votes for a candidate" for political office.[4] He also concedes that as a detective, he has a superior position to that of the patrolmen to whom the letter was sent. It is clear on the face of the letter that Paulos identified himself as a detective. The department found that plaintiff had thereby used "the influence of office for political reasons." In asking

this Court to find the regulation unconstitutional as applied to his activity, plaintiff asserts, in effect, that sending the letter was an act entitled to constitutional protection and that defendant cannot demonstrate a sufficiently compelling interest to justify the restriction placed upon plaintiff's First Amendment freedoms by the department's application of the challenged regulation to the facts of this case. We disagree.

The Supreme Court has recognized that a balance must be struck between the First Amendment interests of a state employee and the interests of the state in promoting the efficiency of the public services that it performs through its employees. Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811, cited approvingly in CSC v. Letter Carriers, 413 U.S. 548, 564, 93 S.Ct. 2880, 37 L.Ed.2d 796. The latter opinion detailed many of the interests that the federal government has in restricting the political activities of its employees. 413 U.S. at 554–567, 93 S.Ct. 2880. We believe that a municipality has similar interests in preserving the apolitical nature of its police force. Since the Court's opinion in *Letter Carriers* fully explores the justifications for restricting government employees in their participation in political campaigns and party activities, there is no need to reiterate them here.

In a companion case to *Letter Carriers*, Broadrick v. Oklahoma, *supra*, the Supreme Court upheld a state statute that restricted the political activities of certain state employees. In the course of the opinion the Court noted, "Under the decision in *Letter Carriers*, there is no question that [the Oklahoma statute] is valid at least insofar as it forbids classified employees from: * * * *soliciting votes* or assisting voters at the polls * * * (emphasis added)." 413 U.S. at 616–617, 93 S.Ct. at 2918. Thus it is clear that a state government may

---

3. The *Mitchell* holding was recently reaffirmed in CSC v. Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796.

4. Plaintiff's brief at 10.

forbid its employees to solicit votes. The Supreme Court has recognized that an interest like plaintiff's is not unqualifiedly entitled to constitutional protection and that a government may have interests which outweigh those of its employees. On the facts of this case we conclude that the interests of the municipality in preserving a nonpartisan police force and the appearance thereof,[5] which are similar to the federal interests enumerated in *Letter Carriers*, outweigh the interests of plaintiff in conveying his endorsement to subordinate officers. Accordingly, the regulation was not unconstitutional as applied to the activity of plaintiff.

### Facial Overbreadth Argument

■■ We have determined *supra* that Rule 29, Section 31, is not constitutionally overbroad in proscribing plaintiff's activity in this case. In order to attack the regulation as overbroad on its face, he must, therefore, demonstrate that he has standing to raise the rights of others, those who may be chilled in the exercise of their constitutional rights by the allegedly overbroad sweep of the regulation's language. Ordinarily, of course, a litigant lacks standing to assert the rights of others. See, e. g., Austin v. The Alderman, 7 Wall. 694, 698–699, 19 L.Ed. 224; United States v. Raines, 362 U.S. 17, 21–22, 80 S.Ct. 519, 4 L.Ed.2d 524. In the area of First Amendment freedoms, however, the Supreme Court has recognized an exception to this rule based upon the Court's concern for the chilling effect that an overbroad statute might have on the rights of others. Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22.

■ The Supreme Court has recently made clear that this exception does not confer standing to assert the rights of others where there are a substantial number of situations to which the statute or regulation might validly apply.[6] *Letter Carriers, supra*, 413 U.S. at 580–581, 93 S.Ct. 2880; *Broadrick, supra*, 413 U.S. at 609–618, 93 S.Ct. 2908; Parker v. Levy, 417 U.S. 733, 756–762, 94 S.Ct. 2547, 41 L.Ed.2d 439. It is obvious that

---

**5.** In *Letter Carriers* the Supreme Court noted:

"it is not only important that the Government and its employees in fact avoid practicing political justice, but it is also critical that they appear to the public to be avoiding it if confidence in the system of representative Government is not to be eroded to a disastrous extent." 413 U.S. at 565, 93 S.Ct. at 2890.

**6.** The district judge held that Paulos had engaged in "conduct bordering on speech." Consequently, he applied a stricter standard in determining whether plaintiff was entitled to use the exception to the normal rules of standing. This was in accord with the Supreme Court's dictates in Broadrick v. Oklahoma, *supra*, where the Court said:

"But the plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from 'pure speech' towards conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. Cf. Alderman v. United States, 394 U.S. 165, 174–175, 89 S.Ct. 961, 966–967, 22 L.Ed.2d 176 (1969). To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." 413 U.S. at 615, 93 S.Ct. at 2917–2918.

While we agree with the district court that the sending of the letter to subordinates urging them to support a political candidate is toward the conduct end of the speech-conduct continuum, we think that, even if it were viewed as closer to pure speech, plaintiff would not have standing to assert the rights of third parties because the interests of the state and the substantiality of the clearly legitimate sweep of the regulation are so great.

a regulation prohibiting policemen from "using the influence of office for political reasons" is constitutionally applicable to a myriad of situations. For example, the regulation could be constitutionally invoked against a ·police officer who promised promotion only to those of his subordinates who agreed to campaign for the candidate of the superior's choice or to an officer who threatened a merchant on his beat with unusually strict enforcement of local ordinances if the merchant refused to put a certain candidate's placard in his store's window. The regulation has a substantially legitimate sweep and, therefore, plaintiff lacks standing to assert the rights of others. If there are persons on the edges of the regulation's applicability whose rights will be unconstitutionally infringed, it will be for them to make the challenge in the context of a concrete dispute, so that a court need not base its decision on mere hypothetical infringements which this plaintiff asserts.

### Void for Vagueness Argument

■ We cannot agree that the applicable language in Rule 29, Section 31, is "so vague as not to comprise fair warning to him of what conduct was thereby prohibited." [7] A reasonable man would have had fair notice that as a police detective he was prohibited by the regulation from sending a political endorsement to the patrolmen in his voting district. The regulation was not so vague that "men of common intelligence must necessarily guess at its meaning." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322. As the Court noted in *Letter Carriers*:

"there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." 413 U.S. at 578–579, 93 S.Ct. at 2897.

In United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989, the Court stated its reluctance to invalidate a provision with a substantially constitutional sweep: "[T]he general class of offenses to which [the provisions are] directed is plainly within [their] terms [and they] will not be struck down as vague even though marginal cases could be put where doubts might arise." 347 U.S. at 618, 74 S.Ct. at 812, quoted, approvingly in *Letter Carriers, supra*, 413 U.S. at 579, 93 S.Ct. 2880. Paulos' activity clearly falls within the ambit of the challenged regulation.

■ Paulos asserts that the regulation would be unconstitutionally vague if applied to a number of situations arguably within its sweep. Since he had fair warning that discipline would be imposed for his conduct, he is not entitled to attack the regulation "because the language would not give similar fair warning to other conduct which might be within its broad and literal ambit." Parker v. Levy, 417 U.S. at 756, 94 S.Ct. at 2562. Paulos, like Dr. Levy, has confused the standing concepts regarding facial overbreadth in First Amendment areas with those regarding vagueness. Paulos lacks standing to raise the rights of others in his vagueness attack on the regulation.

A prior case also decided by the Supreme Court last term reinforces our decision. In Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605, a Massachusetts flag misuse statute was invalidated because of vagueness. Justice Powell's opinion noted, however, that if Goguen's behavior had rendered him a hard-core violator, the statute might not be impermissibly vague, whatever its implications for those engaged in different conduct, adding:

7. Plaintiff's brief at 3.

"To be sure there will be statutes that by their terms or as authoritatively construed, apply without question to certain activities, but whose application to other behavior is uncertain. The hard-core violator concept makes some sense with regard to such statutes." 415 U.S. at 577, 94 S.Ct. at 1249.

Through its proscription of using the influence of their position as police officers for political reasons, this regulation by its terms applies to Paulos' letter to police officers of inferior rank, signed in his capacity as a detective, and endorsing a named lawyer for election to the office of County Supervisor, thus satisfying the hard-core violator concept. See also Arnett v. Kennedy, 416 U.S. 134, 158–163, 94 S.Ct. 1633, 40 L.Ed.2d 15.

Finally, in Bence v. Breier, 501 F.2d 1185 (7th Cir. 1974),[8] a panel of this Court (Judge Jameson concurring) held a Milwaukee Police Department rule unconstitutionally vague. Although neither party has cited Bence to this panel, it deserves discussion here. Bence was disciplined under a regulation that proscribed "conduct unbecoming a member and detrimental to the service." He had "merely sent a letter to the city's labor negotiator outlining a proposed bargaining demand for the next round of negotiations, explaining the incident which provided a basis for the demand, and requesting that if the facts relative to the incident were found to be true, the appropriate compensatory measures be taken." 501 F.2d at 1193. Judge Castle's opinion distinguished Levy (which had upheld an almost identical provision applicable to the armed services) because there was no long history of interpretations in the police context which gave meaning to the broad regulation and because the reasons for a looser standing of vagueness in cases involving the military enunciated in Levy were not present in municipal police cases.

We have found Rule 29, Section 31, to be constitutionally applicable to Paulos' conduct in this case, despite his charge of vagueness, and without resort to either a history of clarifying interpretations or a looser standard of vagueness for police cases. In Bence both the opinion of the Court and the concurrence found the challenged regulation vague as applied to the particular conduct in question. The opinion of the Court also found the regulation vague on its face, relying in part upon the "as applied" holding to avoid standing problems. 501 F.2d at 1193. Unlike the panel in Bence, we have here held that plaintiff had notice that his conduct in endorsing the County Supervisor's candidacy of his attorney to the patrolmen was proscribed by Rule 29, Section 31, and that, therefore, the regulation is not vague as applied to his conduct. The two cases involve different regulations and different conduct. An examination of these cases demonstrates that the vagueness argument in Bence was much stronger than here and that, therefore, the cases are distinguishable.

In light of the recent closely related Supreme Court precedents the judgment is affirmed.

8. Pending on petition for certiorari, No. 74–565, Supreme Court October Term, 1974.