**Carl E. HANNEMAN et al.,**
**Plaintiffs,**

v.

**Harold A. BREIER, Defendant.**

**No. 70–C–646.**

United States District Court,
E. D. Wisconsin.

Feb. 4, 1975.

Goldberg, Previant & Uelmen, by David Loeffler, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty., by Rudolph T. Randa, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision and order dated October 2, 1974, I concluded that

"under the circumstances of this case, the plaintiffs' [officers of the policemen's collective bargaining unit] disclosure of confidential information [i.

e., that the department was investigating their 'political activity'] did not constitute protected trade union activity and that the defendant's application of section 32 [of Milwaukee police department rule 29, which requires that 'members of the Department shall treat as confidential the official business of the Department'] to the activity involved was constitutional."

Notwithstanding the plaintiffs' subjective views to the contrary, I determined that the departmental investigation was not "designed to harass [the plaintiffs] or to force concessions at the labor contract negotiations." Accordingly, it was my opinion that "from the standpoint of enhancing their bargaining position, it is difficult to see what, if any, purpose was served in verifying the existence of the investigation."

The plaintiffs have submitted a motion to alter the judgment. See Rule 59(e), Federal Rules of Civil Procedure. They claim that they

> "still had a federal constitutional right to publish the [investigation disclosure] letter of September [1]7, 1970 in an attempt to enlist the support of the Mayor, the City Council, and the State Labor Board in calling off the departmental investigation."

At this point, it is also their contention that

> "The September 17 letter was also an element of the Union's negotiating strategy in its struggle over the 1970 contract . . . [a]s of August 26, 1970, the Association was demanding a contract right to participate in partisan political activity on behalf of its members. The letter of September 17 can be reasonably seen as an attempt to build political support for that contract provision by openly communicating with [chief city negotiator] Mortier and his principles (sic) in a manner which would not escape broad public notice in the same manner that Bence and Hanneman attempted to build support for the 'standby pay' de-

mand [in Bence v. Breier, 501 F.2d 1185 (7th Cir. 1974)]."

In Paulos v. Breier, 507 F.2d 1383 at p. 1388 (7th Cir., decided December 30, 1974), the court distinguished *Bence*:

> "Unlike the panel in *Bence,* we have here held that plaintiff had notice that his conduct in endorsing the County Supervisor's candidacy of his attorney to the patrolmen was proscribed by Rule 29, Section 31, and that, therefore, the regulation is not vague as applied to his conduct. The two cases involve different regulations and different conduct. An examination of these cases demonstrates that the vagueness argument in *Bence* was much stronger than here and that, therefore, the cases are distinguishable."

The facial validity of the department's rule on confidentiality is not challenged. In addition, I am persuaded that its application in this case was not unconstitutional.

During the 1970 contract negotiations the plaintiffs were free to request, among other things, a contract right to participate in partisan political activity on behalf of the union membership. It remained for the municipality to balance such request as against its interest in preserving the apolitical nature of the police force. However, until the department rule was altered, the plaintiffs were not free to violate if for the alleged reason of aiding their bargaining situation.

The *Bence* case demonstrates that there are situations in which the plaintiffs would be entitled to disclose information "explaining incident which provided basis for [contract] demand." 501 F.2d at 1185. However, the data disclosed in the case at bar is not so protected. I do not accept the plaintiffs' argument, as applied to this case, that "bare assertions of executive authority or confidentiality are not sufficient to shut off the flow of information on matters of public concern, even when codified into Departmental rules." Cf.

United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 decided July 24, 1974, and New York Times Co. v. United States, 403 U.S. 713, 714, 91 S. Ct. 2140, 29 L.Ed.2d 822 (1971).

In my judgment, the plaintiffs' disclosure of confidential information did not constitute protected trade union activity; the defendant's application of section 32 to the activity involved was constitutional. Upon reconsideration, I find the Department rule constitutional both upon its face and as applied. (slip opinion in this case, dated October 2, 1974, at p. 3).

Therefore, it is ordered that the plaintiffs' motion to alter the judgment dated October 2, 1974, be and hereby is denied.