COWART, Judge,
dissenting.
The power to tax being truly the power to take or destroy the earnings, property and incentives of the tax-paying citizenry[1] and “taxation without representation” being one of the immediate grievances of the people that led directly to the Revolution that resulted in the creation of this nation, no tax should be levied on the people except by the direct action of representatives elected by the people being taxed.
The North Brevard County Hospital District was created by the state legislature as a special tax district whose members are not elected but rather are appointed, three by the City Commission of the City of Titusville, and six by the Board of County Commissioners of Brevard County, Florida. If the Board of County Commissioners of Brevard County, Florida, who are elected by all the people within the taxing district,[2] *1115 have no discretion as to the amount of taxes to be levied for the hospital, then the tax payers have no elected representatives with that discretion.
Certainly there is a logical inference that when an entity has once been expressly granted discretion and that express grant of discretion has been withdrawn, the discretion of the entity is not as obvious as it once was. However, the issue in this case is too important to depend upon, and to be decided by, inferences and implications. The legislative intent should be crystal clear and, as this case demonstrates, it is not. Before the people are to be left to be taxed by persons not subject to some control by ballot, (and even that control is weak), the elected state representatives creating this taxing district should be required to clearly and expressly state their intent that taxes are to be imposed upon their constituents without discretion as to the amount being exercised by any elected public officials. Until this is done, the discretionary “review and approve” language in section 218.34, Florida Statutes, should, in the interest of the tax-paying public, be read to be meaningful: that means it should be read to give the County Commission in this case the duty and authority to exercise discretion to either approve, or to disapprove and reduce, the money sought by the Hospital Board to be raised by a tax levy. The implication that the power and discretion to “review and approve” necessarily includes the power to review and disapprove is stronger, in logic and in the circumstances of this case, than any implication that the state legislature intended that unelected members of the Hospital Board have the power to cause taxes to be levied upon citizens who have no recourse at the polls.
Under our body of law every legally cognizable “right” and every “wrong” has a remedy to enforce the right or to redress the wrong. Therefore, that a claimed “right” or “wrong” has no legal remedy, implies that there is no legal “wrong” involved. Here, this means that if the Hospital Board has no legal remedy when the County Commission exercises discretion and levies less taxes than the Hospital Board desires, that very fact strongly implies that the County Commission does have the legal right and authority to review, and disapprove and reduce the amount of the hospital’s desired tax levy.
The trial court should be affirmed.

. Austin v. Aldermen of Boston, 74 U.S. (7 Wall) 694, 19 L.Ed. 224 (1868).

. The Board of County Commissioners of Bre-vard County, Florida, is the only local governing authority within whose geographical boundaries the special hospital district in this case is solely located. Therefore, the County Commission is the only local governing authority with discre *1115 tion under section 218.34(4), Florida Statutes, to review the budget or tax levy of the North Brevard County Hospital District.